## SARAH J. WEAVER, RESPONDENT, *v.* WILLIAM L. PICKARD, APPELLANT.

EXECUTION.—DEATH OF JUDGMENT DEBTOR.—Under section 3424, 2 Comp. Laws, 1888, providing that execution may issue on a judgment, notwithstanding the death of the judgment debtor after judgment, if the judgment be for the recovery of real or personal property or the enforcement of a lien thereon, and in no other cases, a judgment for the payment of alimony is not within the terms of the above statute.

ID.—ID.—GARNISHMENT.—Where in consequence of the death of the judgment debtor, the right to issue an execution has ceased, an order made upon a garnishee to pay money upon an execution issued after the death of the judgment debtor is absolutely void.

APPEAL from an order directing a garnishee to pay. The opinion states the facts except the following: The order made by the court on the 2d day of March, 1889, contain findings of fact made after the examination of witnesses to the effect that W. L. Pickard was indebted to David Weaver upon a promissory note in the sum of $10,700, and it was ordered that the said Pickard as garnishee pay the said sum under this order and that the marshal of the court give him a receipt therefor and acquittance of his debt. Only $3,000 for some

reason not explained by the record was realized at the time. On April 28, 1890, W. L. Pickard having attempted to show cause why he should not pay the balance, the court made a second order containing findings of fact as follows: That the said W. L. Pickard, garnishee, was on the second day of March, 1889, on regular proceedings before this court on behalf of the plaintiff as a judgment creditor of David Weaver, adjudged and found to be possessed of credits due to said judgment debtor, viz.: David Weaver, viz.: the sum of $10,700, and that such finding was made on the admission of said W. L. Pickard of said indebtedness, made in open court on regular examination, and it also appearing that this court then and there ordered and adjudged that said Pickard pay said sum so by him admitted to be due to the marshal of this Court, to be by him receipted for and applied to the payment of the judgment against said David Weaver, and, whereas, it also appears that in obedience to said requirement the said Pickard has paid to the said U. S. Marshal the sum of $3,000, which sum, less $28 costs, has been paid to said judgment creditor's attorney and applied on said judgment, and it appearing that the said garnishee has failed and neglected to comply further with the requirements of this Court in said garnishment proceedings, and that there remains due the sum of $8,362, and it appearing that said proceedings, in this court, were regular and the adjudication in favor of said Sarah J. Weaver, plaintiff, and against said W. L. Pickard, final and conclusive and that the same has not been appealed from; thereupon a writ of execution was issued against Pickard, who appealed from this second order and not from the first, the time for appealing therefrom having long expired.

*Mr. Frank Hoffman,* for the appellant.

*Mr. John R. McBride* and *Mr. Arthur Brown,* for the respondent.

Proceedings on garnishment are conclusive, and the order made on March 2, 1889, was a judgment that could have been appealed from, and after the lapse of one year from its rendition it could not be appealed from. *McCullough* v. *Clark,* 41 Cal. 302; *Brummagim* v. *Boucher,* 6 Cal. 17; *Brown* v. *Moore,* 61 Cal. 432; *Hartman* v. *Olvera,* 51 Cal. 501.

ANDERSON, J.:

On the 6th day of February, 1883, the plaintiff obtained a decree of divorce against the defendant David Weaver in the third district court. At the time of the commencement of the action, the court issued an injunction restraining the defendant from disposing of his property pending the suit. At the final hearing of the case the court found that the defendant had been personally served with the writ of injunction, the summons, and a copy of the complaint in the case, on the 29th day of May, 1882; and that on or about the 30th day of September, 1882, in violation of the injunction of the court, he sold and disposed of his property, and secretly left the jurisdiction of the court, taking with him the proceeds of the sale of his property, and without having complied with the order of the court, made at the commencement of the action, for the support of the plaintiff and her children pending the action, and for plaintiff's attorney fees. The court, by its judgment and decree, gave to the plaintiff the custody and control of her four minor children, and also gave her all the real estate owned by the defendant on the 29th day of May, 1882. The court also adjudged that the defendant pay to the plaintiff $7,500, with interest thereon at the rate of ten

per cent. per annum until paid, and $7,500 to her as trustee for the support and education of her minor children, and that he pay the counsel fees and costs of the case. On the 17th day of December, 1888, J. R. McBride, attorney of record for the plaintiff, filed a motion in the third district court that execution issue to enforce the decree, and in support of the motion filed his own affidavit, setting forth the above facts down to the rendering of the judgment; and, also, the further facts that the defendant left the Territory of Utah in September, 1882, and has ever since remained beyond the reach of the process of this court; and that in 1884 he went to England, and remained there until August, 1888, when he went to Evanston, Wyo., where he died intestate in October of that year; that no part of the judgment or costs had been paid; that W. L. Pickard, of Salt Lake City, had bought a part of the defendant's property, and was indebted to him therefor in the sum of $10.500 and interest thereon at ten per cent, per annum since August 4, 1884; that an administrator of the estate of said defendant had been appointed in Wyoming, who had demanded of said Pickard the amount he was owing defendant.

The court granted the motion of plaintiff, and ordered an execution to issue, and under it Pickard was summoned as a garnishee. He appeared in person and by attorney, and was sworn and examined as to his indebtedness to defendant. The court found that Pickard, by his own admission, had received from the defendant the sum of $10,000 on the 4th day of August, 1884, for which he had given his note, due in one year, with interest at seven per cent. per annum, no part of which had been paid, and that the note was non-negotiable in form; that the note was in the possession of the administrator,—one Hilton,—in Wyoming; and that Pickard admitted an

indeb'edness to the defendant in the sum of $10,000 and interest for one year at seven per cent., and denied any other or greater indebtedness; whereupon the court ordered Pickard to pay the marshal on the execution the sum of $10,700. Pickard paid to the marshal $3,000 on the execution, March 8, 1889, since which time no more has been paid. In 1889 J. R. McBride was appointed administrator of the estate of said David Weaver in Salt Lake county, Utah, and, having obtained possession of the Pickard note, brought suit thereon on the 30th day of November, 1889, for the full amount of the note, less the $3,000 which had been paid. Pickard defended by pleading the statute of limitations, and judgment was rendered in his favor April 12, 1890, and from which no appeal was taken. April 30, 1890, plaintiff applied to the third district court by motion for an order for the issuance of an execution to enforce the order of March 2, 1889, to collect the balance ordered to be paid. Pickard was cited to appear and show cause why the motion should not be granted. He appeared, and opposed the granting of the motion, and an order was made by the district court that an execution issue for the balance of principal and interest unpaid, amounting to $8,395.10, to the granting of which order Pickard excepted, and brings this appeal.

The statutes of this Territory provide that " the party in whose favor a judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement." 2 Comp. Laws 1888, § 3419. At the time the execution was issued on this judgment under which Pickard was garnished, more than six years had elapsed since the judgment was rendered. Whether, in a case where, pending an action, an injunction has been issued and served on the defendant, restraining him from disposing of his property, and

he sells all his property notwithstanding such injunction,. and leaves the Territory, and remains away permanently, an execution may issue after five years from the rendition of judgment, we do not deem it necessary to determine in this case, in view of the other facts disclosed by the record. It may be proper to observe, however, that the statute makes no exception in such a case; the only exception provided by the statute being that "in all cases other than for the recovery of money the judgment may be enforced or carried into execution after the lapse of five years, by the leave of the court." Id. § 3423. It is provided by statute that, "when any judgment has been rendered for or against the testator or intestate in his life-time, no execution shall issue after his death, except as provided in the Code of Civil Procedure relative to executions. Judgment against the decedent for the recovery of money must be presented to the executor or administrator, like any other claim." Id. § 4135.

The Code of Civil Procedure, relative to executions, provides that, "notwithstanding the death of a party after judgment, execution thereon may be issued, or it may be enforced as follows: (1) In the case of the death of the judgment creditor, upon the application of his executor or administrator, as successor in interest. (2) In case of the death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon." Id. § 3424. The judgment sought to be enforced in this case was a money judgment, and was not a judgment for the recovery of real or personal property, or the enforcement of a lien; and under the sections of the statute above quoted no execution could issue thereon after the death of the judgment defendant. It follows therefore, that the order of the court of March 9, 1889, that execution issue on the

judgment, was void; and likewise the order of May 7, 1890, which was based on it, and from which this appeal was taken; and such is the general rule. 1 Freem. Ex'ns (2d ed.) § 35. The plaintiff can have no greater right to enforce her judgment against the garnishee than she has against the judgment defendant, and, when her right to have execution issue was terminated by the death of the defendant, no proceedings in garnishment could be begun or carried on. Drake, in his work on Attachments, says: "The plaintiff's right to hold a garnishee exists only so long as, in the suit in which the garnishment takes place, he has a right to enforce his claim against the defendant. When his remedy against the latter is at an end, so is his recourse against the garnishee. That the latter may show that the plaintiff's right against him has been thus terminated cannot be doubted." Drake, Attachm. (2d ed.) § 459. The court, therefor, erred in ordering that execution issue against the garnishee, and its action is reversed.

MINER, J., and BLACKBURN, J., concurred.